EVANS D. PRIESTON, ESQ.
Attorney for Defendant
JIN JUA ZHANG
47-40 21st Street, 10th Fl.
Long Island City, NY 11101
(718) 424-2444
evansd.prieston@gmail.com

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                                       19 Cr. 396-004 (BMC)

                -against-                                       DEFENDANT'S SENTENCING
                                                                MEMORANDUM
JIN JUA ZHANG,

                Defendant.
-----------------------------------------------------------X
```

Defendant was arrested without incident on August 16, 2018. On July 22, 2019, defendant Jin Jua Zhang pled guilty before Magistrate Judge Peggy Kuo to, together with others, traffic in goods, specifically [in his case] perfume and to use counterfeit marks on and in connection with such goods contrary to 18 U.S.C. § 2320(a)(1), in violation of 18 U.S.C. §§ 2320(a) and (b)(1)(A). The following is defendant's sentencing memorandum:

Under 18 U.S.C. § 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of the statute. In undertaking its analysis, the Court considers the advisory sentencing range recommended by the Guidelines and any relevant Guideline policy statements, as well as other traditional sentencing factors, such as: (1) the nature of the offense and history and characteristics of the defendant; (2) the purpose of sentencing; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted disparities

among similar offenders; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Nearly twenty years after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), it is now "emphatically clear" that the "Guidelines are guidelines – that is, they are truly advisory." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The Guidelines are no longer "the only consideration" at sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). Rather, the Guidelines merely provide a "starting point" for the Court's sentencing considerations. Id.; accord *Cunningham v. California*, 549 U.S. 270 (2007). The Court is to impose its sentence after "mak[ing] an individualized assessment based on the facts presented" in each particular case. *Id.* The Court need not find "extraordinary circumstances to justify a sentence outside of the Guidelines range." *Id.* at 47. As one district court judge has put it, the Guidelines' "most fundamental flaw is the notion that the complexity of human character and conduct can be rationally reduced to some arithmetic formula." *Ibid.*

The presentence report of the Probation Office ("the Report") notes that the grounds for Homeland Security Investigations' ("HSI") arrest of defendant was undercover purchases of counterfeit perfume, in the paltry sum of $1,440. Mr. Zhang's alleged personal gain was allegedly a mere $40,000. Mr. Zhang acknowledged his culpability and has consent to entry of a forfeiture money judgment of $40,000. He was not a leader or organizer of the conspiracy.

The report notes that Mr. Zhang has only a sixth grade education. He was born and raised in China and arrived in the United States, after a two year or so stop in Spain at age 32. He does not speak or understand English. He grew up poor, with what we now call "food insecurity," he often had less than three meals a day. Mr. Zhang was married at age twenty-two. Unfortunately, his wife, who remained in China passed away last year from uterine cancer. Defendant was devastated by this loss. He had not seen his wife for twenty years and

2

could not see her one last time before her passing.

He has one child, a son aged thirty-eight. His son was responsible for caring for his late mother. He sold their only house and borrowed money to pay the huge medical costs for Mr. Zhang's wife's cancer treatment. His son is supporting his two children, alone. His wife left him. Mr. Zhang is heartbroken, he can now do nothing to help his son.

The report shows Mr. Zhang is a very hard worker who provides support to his family here, in Flushing and in China. *Importantly*, defendant has a criminal history score of zero.

Mr. Zhang suffered fractures in his left leg and lower back due to slipping on snow. He suffers chronic pain. This has hindered his ability to work and he has been unemployed since he arrest and is financially supported by his sister. Further, he has not able to work legally in the United States, due to his immigration status, or lack thereof. He is no income or assets. Significantly, Mr. Zhang consented to voluntary removal.

The Report calculates defendant's total offense level to be 17, which carries an *advisory* imprisonment range of 24-30 months, with supervisory release of one to three years.

Given Mr. Zhang's spotless criminal record, his limited participation in, and profit from, he underlying conspiracy, his declining health, his family tragedies, his inability to obtain gainful employment, and the negative impact of having a felony conviction, a prison sentence would be unduly punitive, without any public benefit. Supervised release for a short period, followed by his deportation should be more than adequate.

An affidavit from Mr. Zhang is attached.

We respectfully request that this Court consider the above when sentencing Mr. Zhang.

Dated: Long Island City, NY
November 6, 2020

                                                                                                                               Respectfully submitted,

                                                                                                                              *Evans D. Prieston*

                                                                                                                              Evans D. Prieston, Esq.

Hello, your Honor! My name is Zhang Jinhua and was born on December 12, 1962. I smuggled into the United States to provide for my family back home, but two years ago I made a mistake and now I regret it every single day. My whole life has changed dramatically right in front of me during the past two years. My wife suffered from stage 4 cancer in China and passed away. In order to treat her illness, my son sold our only house and borrowed money from familes, friends and banks, but ultimately still failed to save her life. During this period, my daughter-in-law also ran away and left two children behind. Now my son is raising them alone, and I can only watch their struggles from here without providing them any financial or emotional assistance. Also my wife, who I had been separated for more than 20 years, was not able to see me one last time. Currently I cant even afford and provide for myself here. I am living in my sister's apartment and eat her food, the only thing I can do is some housework for her in return. As I get older and close to 60, my health is getting worse . I dont have the money to see a doctor, I cant find a job, no one has any desire to hire me without any identity or have the physical capacity. I regret the mistakes I made with myself in the past. I beg your Honor to give me another chance in life to do better for my family that I left behind. My son have waited for me all these years and I beg to go home and be reunited with my son and grandchildren. Thank you very much!

ZHANG JIN H

09/11/20/20

State of New York   County of Queens
The foregoing instrument was acknowledged before me this 11th day of September, 20 20.
by Kang Ling Lin
                                , Notary Public  KANG LING LIN
My Commission Expires 7-11-204  NOTARY PUBLIC-STATE OF NEW YORK
                                No. 01LI6344832
                                Qualified in Queens County
                                My Commission Expires 7-11-204